### SMITH *vs.* WILSON.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

Claims against an executor for the payment of the testators debts, are ex clusively cognizable before the Court of Probates, where the succession is opened.

The plaintiff was a partner of the defendant's testator, in a plantation and slaves, situate in the parish of West Baton Rouge, wherein the deceased was domiciliated, and where his succession was opened. The defendant, a resident of the State of Mississippi, was appointed his executor, and, in concurrence with the plaintiff, caused the partnership property to be sold, under an order of the Court of Probates.

The petition set fourth, that the proceeds of the sale were not sufficient to pay the plaintiff's claim. That the defendant had administered upon, and received the whole of the testator's estate, in the State of Mississippi—was largely indebted thereto, and had property belonging to the succession, within the jurisdiction of the court, against which, and the property of the defendant, a writ of attachment was prayed and sued out. The defendant excepted to the jurisdiction of the court, which plea was sustained, and the plaintiff appealed.

*Lobdell*, for appellant :

I. The exception of defendant was wrongfully sustained in dismissing the cause for want of jurisdiction.—*C. P. art.*

122, 126, 144, 334, 925, 983.—*Singletary* vs. *Singletary*,
March 7, *N. S.*

SMITH
*vs.*
WILSON.

*Downs*, contra :

The District Court has no jurisdiction of a suit for money
against a succession administered by an executor.—*C. P.
art.* 924, 983.—*M'Donough vs. Johnson's exor.*, 2 *Martin,
N. S.* 287.—*Miles vs. Ford, Ibid,* 439.—*Tabor vs. Johnson
et al.* 3 *Martin, N. S.* 674.—*Poyret vs. Vesser,* 8 *Martin
N. S.* 595.

*Mathews, J.,* delivered the opinion of the court.

This is a suit instituted by attachment against the execu-
tor of a succession, which was opened in East Baton Rouge.
The will of the testator was there probated, and letters testa-
mentary granted by the proper authority.   The plaintiff had
been in partnership with the deceased in a tract of land and
some slaves, and concurred with the executor in having the
whole of this property disposed of at probate sale.   He now
alleges, that the procedes of that sale are not sufficient to pay
the debts of the succession, and that it owes him five thou-
sand dollars, &c.

The defendant, in answer to the petition, excepted to
the jurisdiction of the ᷍District Cour—this exception was
sustained, and the plaintiff appealed.

Claims against
an executor for
the payment of
the testators debts
are exclusively
cognizable before
the Court of Pro-
bates where the
succession is open-
ed.

The suit does not appear to be personally against the de-
fendant, but as executor, to obtain judgment decreeing the
estate of his testator to be responsible for the claim of the
plaintiff; for no *divestava* is alleged.   The proceeding
considered in this point of view was *coram non judice,* and
the defendant's exception properly sustained.—*See Code of
Practice, art.* 924, *no.* 13 and 983.—According to these
articles, it is evident that this suit is exclusively cognizable
before the Court of Probates, where the succession was
opened.   But a difficulty occurs, opposed to proceding in
the ordinary and legal way, in consequence of the executor

residing out of the jurisdiction of the State. It is, however, not for us to remedy this inconvenience. Perhaps the defendant might be destituted of his office, (as provided for in relation to tutor) and administration, granted to another fit person, with the will annexed.—Of this, however, we give no opinion.

It is, therefore, ordered, &c. that the judgment of the District Court be affirmed with costs.